2020 IL App (2d) 180464-U
No. 2-18-0464
Order filed October 26, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-64 |
| PATRICK OWENS, | ) ) | Honorable William P. Brady, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Birkett and Justice Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction for violating registration requirement in the Sex Offender Registration Act was invalid; defendant was charged with failing to sign his registration form, but no signature requirement appears in section 3, under which defendant was charged; the signature requirement in section 8, under which defendant was *not* charged, could not be read into section 3 without violating defendant's due process right to notice of the charges against him.

¶ 2    Following a bench trial, defendant, Patrick Owens, was convicted of failing to register as a sex offender (730 ILCS 150/3(a) (West 2016)) by failing to sign the registration form. He appeals, contending that he was not proved guilty given that the statute did not require his signature. We reverse.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was charged with two counts of failing to register as a sex offender. The first count alleged that he failed to disclose that he had a Facebook account. The second count alleged that he refused to sign his personal signature to the registration form in violation of section 3(a) of the Sex Offender Registration Act (Act) (720 ILCS 1503(a) (West 2016)).

¶ 5      At trial, Sergeant Tony Kwasniewski testified that he supervises the De Kalb Police Department's sex-offender registration program. As such, he reviews all registration forms completed by the department and forwards them to the state police to be included in the Law Enforcement Agencies Data System (LEADS).

¶ 6      Kwasniewski reviewed a registration that defendant completed in January 2017. He knew defendant from previous encounters. He noted that on two signature lines, defendant had written, "F *** the police," and in other places, where his initials were required, he wrote "F.U." Kwasniewski compared the form to one that defendant completed in December 2016 and found that the earlier form contained defendant's "normal signature."

¶ 7      Kwasniewski encountered defendant a few days later and asked him about the profane comment on the registration form. Defendant responded that that was his new signature.

¶ 8      Defendant executed another registration form in February 2017. His signature did not read "F*** the police." Defense counsel objected to the introduction of the February 2017 form, questioning its relevance. The court speculated that it could be evidence that defendant had not changed his name to "F*** the police" or that it was his new signature, as he told Kwasniewski. Defense counsel stated that such was not the defense's contention.

¶ 9      The court found that defendant did not have to re-register his Facebook account, because that information was already on file. However, the court found that defendant was required to sign

the form with his real name. Accordingly, it convicted him on count II. Defendant was subsequently acquitted in a failure-to-register case that arose in 2016.

¶ 10    At sentencing, defendant explained that he was required to register as a sex offender because he had been convicted of criminal sexual abuse. The victim in that case was now his wife and they had a child together. Defense counsel argued that when defendant registered in January 2017, he was frustrated because he had lost his home and his job as a result of his arrest in connection with the 2016 case. Defendant did not realize that signing something other than his real name was wrong and he had since re-registered. The court sentenced defendant to 13 months' conditional discharge. Defendant timely appeals.

¶ 11                                II. ANALYSIS

¶ 12    Defendant contends that he was not proved guilty of failing to register as a sex offender, because the section of the statute under which he was charged does not require a signature. He contends that while that section requires a registrant to provide numerous items of personal identification, it nowhere requires the registrant to sign the form.

¶ 13    Generally, where a defendant challenges on appeal the sufficiency of the evidence, the relevant question is whether, after viewing all the evidence in a light most favorable to the prosecution, a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *People v. Collins*, 214 Ill. 2d 206, 217 (2005). However, as both parties acknowledge, the issue here is essentially one of statutory construction: whether the statute required defendant's signature. The construction of a statute is a legal question that we review *de novo*. *People v. Campa*, 217 Ill. 2d 243, 252 (2005).

¶ 14    Defendant was charged with violating section 3(a) of the Act (730 ILCS 150/3(a) (West 2016)), which states in relevant part:

"A sex offender *** shall *** register in person and provide accurate information as required by the Department of State Police. Such information shall include a current photograph, current address, current place of employment, the sex offender's or sexual predator's telephone number, including cellular telephone number, the employer's telephone number, [and] school attended[.]"

¶ 15 Our primary goal in construing a statute is to determine and give effect to the legislature's intent. *People v. Lewis*, 223 Ill. 2d 393, 402 (2006). The best indication of that intent is the statutory language, given its plain and ordinary meaning. *Id.* We may not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that the legislature did not express. *Id.* A court may not add provisions to a statute. *Id.* Further, any ambiguity in a statute must be strictly construed in favor of the accused. *People v. Davis*, 199 Ill. 2d 130, 135 (2002).

¶ 16 Section 3(a)'s plain language simply does not require a signature and we may not add such a requirement. Even if we could do so, requiring a signature would not further the purpose of the statute, which is to allow law enforcement agencies "to 'monitor the movements of the perpetrators by allowing ready access to crucial information.' " *People v. Molnar*, 222 Ill. 2d 495, 499 (2006) (quoting *People v. Adams*, 144 Ill. 2d 381, 388 (1991)). Here, the January 2017 form that defendant signed contained preprinted information, presumably stored in the De Kalb Police Department's computer from prior registrations. The form included defendant's name and address. The State presented no evidence at trial that the offender's signature on the form serves any important law-enforcement purpose.

¶ 17 Reference to a signature in the Act is only in section 8(a), which provides that "[r]egistration as required by this Article shall consist of a statement in writing signed by the person giving the information that is required by the Department of State Police." 730 ILCS 150/8(a)

(West 2016). However, defendant was charged under section 3, not section 8. "A defendant in a criminal prosecution has a fundamental due process right to notice of the charges against him; thus, a defendant may not be convicted of an offense he has not been charged with committing." *People v. Clark*, 2016 IL 118845, ¶ 30. The indictment charged defendant under section 3, and we may not simply transport the signature requirement from section 8(a) to section 3(a).

¶ 18    Because section 3(a) does not require an offender's signature on the form, and because no other violation of the statute was proved, defendant was not proved guilty beyond a reasonable doubt of failure to register. Thus, we reverse his conviction.

¶ 19                                III. CONCLUSION

¶ 20    For the reasons stated, we reverse the judgment of the circuit court of De Kalb County.

¶ 21    Reversed.